OPINION OF THE COURT
Bernard F. McCaffrey, J.
The plaintiff, herein, brings an action for declaratory judgment to the effect that:
1. The Superior Court of California, which had previously awarded temporary custody of the parties’ infant issue to the defendant, herein, had no jurisdiction to grant custody to defendant; and
2. That under the provisions of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A) the courts of the State of New York have jurisdiction to determine the custody of the infant issue in question.
The defendant seeks dismissal of the complaint upon the grounds (1) that this court does not have jurisdiction of the subject matter of the cause of action; (2) that there is another action pending between plaintiff and defendant for the same relief; (3) the complaint fails to state a cause of action; and (4) this court does not have jurisdiction since service of the summons and complaint was made in the State of California upon the defendant, herein, a resident and domiciliary of the State of California.
*723 The plaintiff and defendant were married on May 27, 1979 in the State of California and a child of said marriage, Benjamin Stewart Hays, was born on July 25, 1980. Although plaintiff’s complaint alleges that she is domiciled in, and a resident of the State of New York, it appears that, aside from periodic visits to the home of her parents in New York, the plaintiff was until July 23,1981 a resident of and domiciled in the State of California. In any event, it is not disputed that defendant is a resident and domiciliary of the State of California.
On July 22, 1981 defendant, herein, started an action against plaintiff in the Superior Court of the State of California for a dissolution of the marriage and the custody of the infant issue of the parties hereto. Said action was commenced on July 22, 1981 and the plaintiff, herein, was served with process on that day along with an order to show cause restraining the plaintiff, herein, from removing the said child, and granting to defendant, herein, the temporary custody of said child.
The plaintiff, herein, challenged the service of the summons, complaint and order to show cause through counsel who appeared on her behalf. Following a hearing on the question of jurisdiction, the California court sustained service.
The complaint herein seeks a declaratory judgment. Such an action is not a matrimonial action, which is defined by CPLR 105 (subd [o]) as follows: “Matrimonial action. The term ‘matrimonial action’ includes actions for a separation, for an annulment or dissolution of a marriage, for a divorce, for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce and for a declaration of the validity or nullity of a marriage.”
In Kulko v Superior Ct. of California (436 US 84) the Supreme Court of the United States indicated that, in an action for child support, the attempted exercise of in personam jurisdiction by the California State courts over a nonresident, nondomiciliary parent of minor children domiciled within the State, would violate the due process clause of the Fourteenth Amendment.
*724 In effect, the Supreme Court in Kulko (supra) tells us that the existence of personal jurisdiction depends upon the presence of reasonable notice to the defendant that an action has been brought and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum.
In Altholz v Altholz (72 NYS2d 143) the action was brought for the purpose of obtaining a declaratory judgment that the divorce obtained by the defendant against the plaintiff in the Court of Common Pleas of Wayne County, Pennsylvania, null and void. At that time, the year 1947, the said case indicates that such an action was not defined as a matrimonial action. A motion to set aside the summons and complaint at that time on the ground that it was a void service in that same was made outside the State of New York, and such service was unauthorized under sections 232 and 235 of the Civil Practice Act, was granted by the court, which stated as follows (p 144):
“Not all actions of a matrimonial character are permitted to be commenced by extraterritorial service of process pursuant to Section 235 of the Civil Practice Act. The section provides in part: Where the defendant is a resident of the state and the complaint demands judgment for a sum of money only, and in any case specified in section two hundred thirty-two of this act, the summons may be served without an order ***’.
“Among the various actions listed in Section 232 aforesaid, subdivision 1 sets forth the following: Where the complaint demands judgment annulling a marriage, or for a divorce or a separation.’
“An action for a declaratory judgment affecting matrimonial rights is neither one of those specified. If the legislature intended to encompass all actions affecting the matrimonial status in the present legislative scheme of extraterritorial jurisdiction, it could easily have so indicated.”
It would appear in the case at bar the court has not acquired personal jurisdiction over the defendant.
That there is another action pending between the parties hereto for the same relief in the Supreme Court of Califor *725 nia is obvious, in that the defendant, herein, commenced his action in California for a dissolution of the marriage of the parties, and for custody of the infant issue of said marriage, whereas plaintiff, herein, in her action seeks a declaration that (1) the Superior Court of California had no jurisdiction to grant custody to defendant, and (2) under the provisions of the Uniform Child Custody Jurisdiction Act the courts of the State of New. York have jurisdiction of the custody of said infant.
By reason of the California action and the facts contained in the papers submitted herein, the courts of the State of New York do not have jurisdiction of the subject matter herein.
Article 5-A of the Domestic Relations Law provides that New York courts have jurisdiction over a custody dispute only when one of four requirements is met: (1) this State is the child’s “home State” as defined by the article; (2) the child and at least one of the contestants have a significant connection with this State, and substantial evidence about the child’s upbringing is available here; (3) the child is physically present in this State and has been abandoned or is in need of emergency protection; or (4) no other State would have jurisdiction under the article’s requirements (Domestic Relations Law, § 75-d, subd 1).
Subdivision 5 of section 75-c of the Domestic Relations Law provides in part as follows: “ ‘Home state’ means the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as parent, for at least six consecutive months.”
Section 75-d (subd 1, par [a]) of said law provides in part as follows:
“Jurisdiction to make child custody determinations
“1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when:
“(a) this state (i) is the home state of the child at the time of commencement of the custody proceeding”.
*726 It is clear from a reading of the papers submitted in the motion before this court that the child involved herein has not resided in the State of New York for , a period of six consecutive months prior to the commencement of the within action.
Furthermore, the plaintiff, herein, cannot secure jurisdiction of this court by employment of self-help measures to bring the infant issue before this court. Indeed, one of the purposes of article 5-A of the Domestic Relations Law is to deter unilateral removals of children intended to secure a more favorable custody award in another State. (See De Passe v De Passe, 70 AD2d 473.)
In addition, subdivision 1 of section 75-g of the Domestic Relations Law provides in part as follows:
“§ 75-g. Simultaneous proceedings in other states “1. A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.”
It would be improper for this court to exercise jurisdiction over a child custody case involving the two parties, herein, having been informed of the pendency of the California action for divorce and child custody. (De Passe v De Passe, supra.)
It does not appear to this court that the necessary predicates enumerated under section 75-d of the Domestic Relations Law exist to sustain a finding that jurisdiction of this matter would lie in New York.
For all of the above reasons the motion of the defendant, herein, to dismiss the complaint, is granted.
It is noted that the plaintiff’s affidavit in opposition to defendant’s motion is also labeled a cross motion for summary judgment on the issue of jurisdiction. The papers submitted by plaintiff, herein, are not in the proper form so as to constitute a cross motion for affirmative relief; however, in view of the determination of the court, herein, said technical defect is academic.